PAN CARGO SHIPPING CORP., as owner of THE Steamship NATIONAL PEACE, Libelant,

v.

UNITED STATES of America, Respondent.

United States District Court
S. D. New York.
Jan. 14, 1960.

Nelson, Healy, Baillie & Burke, New York City, for libelant. Richard T. O'Connell, New York City, of counsel.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, for respondent. Benjamin H. Berman, Gilbert S. Fleischer, New York City, of counsel.

SUGARMAN, District Judge.

Libelant filed a libel seeking damages from respondent in excess of $160,000, alleging that in December 1957 libelant voyage chartered its vessel the S/S National Peace to respondent to carry petroleum cargoes; that libelant dispatched the National Peace to the Persian Gulf, pursuant to respondent's directions, to load at the port of Ras Tanura where she was berthed and made ready to receive cargo; that the Saudi-Arabian Government refused permission for loading because the log of the National Peace disclosed that she had earlier called at an Israeli port; that in due course respondent declared the charter cancelled and that libelant, unable to secure a substitute cargo, had the National Peace proceed in ballast back to the United States.

Respondent met the libel by an exception, which it noticed for hearing, that the court lacked jurisdiction[1] because of a "disputes clause" in the charter providing for the resolution of disputed issues of fact by a contracting officer of respondent with a right of appeal and court review upon certain contingencies. Judge Edelstein overruled the exception because of the then posture of the case but allowed respondent to raise the issue by pleading or motion upon appropriate papers.

Thereupon respondent moved to dismiss the libel upon an affidavit claiming the existence of disputed facts which de-

---

1. There can be no serious dispute that the libel alleges breach of a maritime contract within the admiralty jurisdiction. Archawski v. Hanioti, 350 U.S. 532, 76 S.Ct. 617, 100 L.Ed. 676; Romero v. International Term. Co., 358 U.S. 354, 357, 359, 79 S.Ct. 468, 3 L.Ed.2d 368.

**10**

prived the court of jurisdiction under the "disputes clause". Judge Palmieri, treating the motion as an exception and exceptive allegation, overruled it because of improper form.

Thereupon respondent answered setting forth certain denials and a separate defense that the court lacks jurisdiction because of the "disputes clause".

Libelant filed exceptions to the answer and now moves for an order sustaining them. The respondent cross-moves for an order dismissing the libel for lack of jurisdiction or, in the alternative, for a stay of this cause until the conclusion of the proceedings contemplated by the "disputes clause".

The libelant's motion is denied and its exceptions to the separate and distinct defense are overruled. The respondent's motion for a dismissal of the libel, or in the alternative for a stay, is likewise denied.

Although the respondent's assertion of noncompliance by libelant with the requirements of the "disputes clause" of the charter is labelled "a separate and distinct defense" it raises no issue beyond that posed by respondent's denial of all the essential allegations of the libel,[2] one of these being performance by libelant of any conditions precedent to its bringing suit, imposed upon it by the terms of the charter which it pleads.

Libelant has made a considered and deliberate choice to ignore the procedure contemplated by the "disputes clause". It makes this choice at its own peril. This court will not compel it to do otherwise by the sanction of dismissing its libel.

However, if it fails, by its refusal to pursue the "disputes clause" procedure, to prevail on the trial of its suit and the decree goes against it for failure to excuse such refusal and the claim is then time barred, it must suffer that consequence.

It is so ordered.

---

2. United States v. Shubert, D.C.S.D.N.Y. 1953, 14 F.R.D. 471, 474.